**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

JOSÉ RAMÓN SÁNCHEZ MORALES, in representation of JUAN FRANCISCO ARECHE MINAYA,

Petitioner,

v.

REBECCA GONZÁLEZ RAMOS, GARRETT J. RIPA, DAVID VENTURELLA, MARKWAYNE MULLIN, TODD BLANCHE, HECTOR RAMÍREZ CARBÓ, and ROBERTO VAQUERO, all in their official capacities,

Respondents.

**Civ. No. 26-1530 (GMM)**

**ORDER**

Before the Court are two motions: first, Petitioner José Ramón Sánchez Morales' ("Mr. Sánchez" or "Petitioner") *Amended Petition for Writ of Habeas Corpus ("Amended Petition")*, (Docket No. 12); and second, *Respondents' Memorandum in Opposition to Petitioner's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241* ("*Opposition*"). (Docket No. 16). Since the Court finds that Petitioner must exhaust his administrative remedies before seeking relief in federal court and does not present a proper constitutional question, it will deny the *Amended Petition* without prejudice.

The Court is cognizant of the Petitioner's circumstances and

understands the difficulties of continued detention. However, the Court's consideration of that hardship cannot expand the jurisdiction conferred upon it by law. The governing statutory and regulatory framework, as interpreted by controlling precedent, does not permit this Court to intrude upon or displace the authority vested in the administrative process to the immigration court.

The Court has jurisdiction under 28 U.S.C. § 2241 to grant writs of habeas corpus filed by noncitizens held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, 8 U.S.C. § 1226(e) generally deprives courts of jurisdiction to review a challenge to his bond hearing. That statute provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole. 8 U.S.C. § 1226(e).

Specifically, on August 21, 2026, Petitioner refiled his habeas petition to request this Court review the denial of bond received after a custody redetermination hearing ("bond hearing") was conducted by an immigration judge ("IJ") on August 20, 2026.

(Docket No. 12). Respondents opposed this amendment, arguing it was plagued with procedural and substantive errors. (Docket No. 16). Petitioner filed a response to Respondents' *Opposition* on September 1, 2026 raising a number of concerns with the quality of the bond hearing that Mr. Sánchez received. (Docket No. 17).

At bottom, Mr. Sánchez requests to relitigate his bond hearing under a "neutral decisionmaker." But Congress, in enacting 8 U.S.C. § 1252(b)(9), vested that power of review in the administrative immigration courts. Indeed, IJ decisions, including denials of bond, "may be appealed to the Board of Immigration Appeals [(BIA)]." 8 C.F.R. § 1003.38(a). Yet before this Court could entertain a review of the bond hearing – which is generally a highly deferential review, Garland v. Ming Dai, 593 U.S. 357, 365 (2021) – Petitioner needs to exhaust his administrative remedies before the BIA. Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 9 (1st Cir. 2007).

Yet Petitioner has not done so. Mr. Sánchez has made no showing that a BIA appeal has been filed and ruled upon prior to seeking relief in this Court. Indeed, Petitioner's own filings indicate that a motion for reconsideration was filed before the IJ, (Docket No. 12-3), and a BIA appeal has yet to be filed. (Docket No. 17-2 at 2). In sum, the Court has no habeas

jurisdiction under the doctrine of administrative exhaustion because Petitioner did not appeal his bond determination to the BIA.

What's more, this Court's exceptional authority to review immigration bond determinations through a habeas petition without exhaustion arises only where a constitutional or purely legal defect in the bond decision-making process is identified. *See* Hernandez-Lara v. Lyons, 10 F.4th 19, 27 (1st Cir. 2021); Goncalves v. Reno, 144 F.3d 110, 120, 133 (1st Cir. 1998) (concluding that habeas jurisdiction permits district courts to review at least "pure issues of law concerning the applicability of statutory provisions" in immigration matters); Raspoutny v. Decker, 708 F. Supp. 3d 371, 379 (S.D.N.Y. 2023) (stating that 28 U.S.C. § 2241 permits federal courts to review "purely legal statutory and constitutional claims" arising from immigration proceedings, but that such jurisdiction "does not extend to review of discretionary determinations by the IJ and the BIA").

Petitioner's primary argument, apart from credibility assessments, is that the IJ who presided over his case was biased, and therefore Petitioner was deprived of his constitutional right to due process and a hearing before a neutral decisionmaker. (Docket No. 12 at 13-15); *see generally* (Docket No. 17). To bolster

his claim, Petitioner alleges that the IJ improperly and conclusively determined that Mr. Sánchez lied about his citizenship, which Petitioner alleges has contested evidentiary admissibility.[1] (Docket No. 17 at 9-12). Petitioner also alleges the IJ wrongfully imposed counsel's typographical errors unto Mr. Sánchez to undermine his credibility and did not qualify how Mr. Sánchez' prior criminal history[2] impacts its assessment of flight risk or dangerousness. (Id. at 21-34).

Undoubtedly, an immigration judge is charged with the responsibility of functioning as a neutral and impartial arbiter. Aguilar-Solís v. Immigr. & Naturalization Servs., 168 F.3d 565, 569 (1st Cir. 1999). However, "[w]hen asserting a claim of judicial bias," a petitioner "has the substantial burden of proving that the IJ showed a deep-seated favoritism or antagonism that would make fair judgment impossible." Ahmed v. Holder, 765 F.3d 96, 103 (1st Cir. 2014) (citation modified).

Unfortunately, Petitioner's allegations amount to differences

1 The Court acknowledges that "[t]he Federal Rules of Evidence do not apply to immigration proceedings, so any authentication and hearsay requirements are less rigid." Davis v. Lynch, 802 F.3d 168, 178 (1st Cir. 2015); *see also* Sharari v. Gonzáles, 407 F.3d 467, 476 (1st Cir. 2005) (finding that an IJ possesses broad discretion over trial proceedings, including the admission of evidence and conduct of proceedings).

2 This criminal history was not disclosed to the Court when it rendered its *Opinion and Order*. (Docket No. 10). Counsel describes their initial characterization of Petitioner having "no criminal record" as "imprecise." (Docket No. 17 at 29 n.1).

in applying discretion, not fundamental process errors. This alone is insufficient to evidence a constitutional defect or the futility of exhausting administrative remedies – particularly because the appeal is reviewed by the BIA, and Petitioner makes no arguments that the BIA is also plagued by such bias that would render administrative appeal a moot exercise. Regardless, this alleged bias is not a pure issue of law as the exception contemplates. *See, e.g.*, Aguilar-Solís, 168 F.3d at 569.

Taken together, the Court finds that dismissal without prejudice is warranted. The *Amended Petition* is hereby **DENIED** for failure to exhaust administrative remedies and failure to properly identify a constitutional defect that would provide this Court jurisdiction over the matter.[3]

The Court underscores that this ruling rests on a procedural and jurisdictional basis — Petitioner's failure to exhaust his administrative remedies before the BIA — and should not be read as a finding that Petitioner's allegations regarding the conduct of his bond hearing are unfounded, nor as any comment on the credibility determinations made by the IJ. Because the denial is

---

3 The Court acknowledges Respondents' arguments regarding professional misconduct by Petitioner's counsel. (Docket No. 16 at 4, 10-11). These allegations are taken very seriously. This Court's ruling today is made on separate grounds. However, the Court strongly exhorts all counsel to adhere to the Puerto Rico Rules of Professional Conduct in all their dealings with the judiciary moving forward.

without prejudice, Petitioner remains free to pursue his appeal before the BIA and, if unsuccessful there, to return to this Court.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on September 1, 2026.

/s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE